## McCLAIN v. BETTS et al.

### No. 3083.

Court of Civil Appeals of Texas. Beaumont.

June 25, 1936.

·W. C. McClain, of Conroe, for relator.

W. H. Betts, of Hempstead, for respondents.

PER CURIAM.

This is an original application by relator, McClain, for writ of mandamus to compel W. H. Betts, as chairman, and the other named respondents, as members, composing the County Democratic Executive Committee of Waller county, Tex., to place his name on the official ballot to be voted in the general Democratic primary election to be held on July 25, 1936, as a Democratic candidate for the office of district attorney for the Ninth judicial district of Texas. He alleged that he resides in Montgomery county, Tex., which county is in the Ninth judicial district, and that Waller county was in said district. He alleged that respondent Betts was chairman of the County Democratic Executive Committee of Waller county and the other named respondents were members of said committee; that he had duly filed with Betts, chairman, his application for his name to be placed on the official ballot to be voted in the Democratic primary election to be held in said county on July 25, 1936, as a candidate for the office of district attorney of said Ninth judicial district, which application contained all of the requirements and matters of information required by articles 3111 and 3112, R.S.1925, and had tendered to said Betts the $1 fee required by law; that said Betts and said Democratic Executive Committee of said Waller county had rejected his said application, and had refused to place his name as such candidate on said official ballot to be voted in said general Democratic primary election, and prayed that a writ of mandamus be issued to said Betts and said executive committee commanding them to place his name on said ballot to be voted in said primary election.

We have carefully examined relator's application to have his name placed on said ballot, as above stated, and find that it contains every matter required by law. The only criticism, as to its legal sufficiency, that could be urged is that relator did not acknowledge his request or application for his name to be placed on the ballot as required by subdivision 1 of article 3111, R.S.1925. But he did verify same by swearing that all of the facts stated in his application were true. The purpose of requiring that such application be acknowledged is to insure the applicant's good faith, and purpose in making the request, and as relator duly verified by oath the contents of his application, it was a substantial and sufficient compliance with the statute.

It appearing that relator is entitled to have his name placed upon the official ballot, as requested by him, the writ of mandamus is granted and the respondents, W. H. Betts, chairman, and the other named respondents, members of the County Democratic Executive Committee of Waller county, Tex., are hereby directed and commanded to accept the request of relator to have his name placed on said ballot as a candidate for the office of dis-

trict attorney in said Ninth judicial district, and to duly place his name thereon accordingly.