

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXON
ATTORNEY GENERAL

Honorable O. E. Gerron
County Attorney, Ector County
Odessa, Texas

Dear Sir:

Opinion No. 0-6038
Re: Right of candidate for district
office, State Representative,
to have name placed upon offi-
cial ballot when request is
signed by person other than
candidate as agent.

The question submitted in your request dated May 19, 1944, is as follows:

"Has a candidate for district office, State representative, properly complied with the provisions of Article 3112 of the Vernon Civil Statutes of the State of Texas, when his request to have his name placed upon the official ballot is signed by a person other than the candidate? For example: J.T. Rutherford, Candidate by J.A. Moore, Agent."

Article 3112, Revised Civil Statutes, 1925, as amended by the 48th Legislature, 1943, Chapter 218, Paragraph 1, now reads:

"Any person desiring his name to appear on the official ballot as a candidate for the nomination for Chief Justice or Associate Justice of the Court of Civil Appeals, or for Representative in Congress, or for State Senator when such Senatorial District is composed of one or more than one County, or for Representative, or district judge or district attorney in representative or judicial districts composed of one or more than one county, shall file with the chairman of the executive committee of the party for the district, said request with reference to a candidate for a State nomination, or if there be no chairman of such district executive committee, then with the chairman of each county composing such district, not later than the third Monday in May preceding the general primary. Such requests may likewise be filed not later than said date by any twenty-five (25) qualified voters

resident within such district, signed and duly ac-
knowledged.  Immediately after said date each such
district chairman shall certify the names of all per-
sons for whom such requests have been filed to the
county chairman of each county composing such district.
If said name is not submitted or filed within said time,
same shall not be placed upon said ballot."

The provisions of Article 3111, Revised Civil Statutes,
1925, through Section 1 thereof, are as follows:

"The request to have the name of any person af-
filiating with any party placed on the official ballot
for a general primary as a candidate for the nomina-
tion of such party for any State office shall be gov-
erned by the following:

"1.  Such request shall be in writing signed and
duly acknowledged by the person desiring such nomination,
or by twenty-five qualified voters.  It shall state the
occupation, county or residence and post-office address
of such person, and if made by him shall also state his
age."

A careful reading of said Article 3112, as amended,
discloses that the request of a candidate for party nomination
for any of the district offices referred to therein must conform
to the requirements with reference to a candidate for State nom-
ination.  These requirements are set forth in Section 1 of
Article 3111, Revised Civil Statutes, 1925, above quoted.  See
McClain v. Betts, et al, (Civ. App.) 95 S.W. (2d) 1311.

It is clear, therefore, that the Legislature has pro-
vided only two methods by which a candidate for party nomination
for a district office can have his name placed on the official
ballot, viz:

(1)  The request for such placement shall be in writing,
signed and duly acknowledged by the person desiring such nomina-
tion.  It shall state the occupation, county of residence and
post-office address of such person, and also his age.  It shall
be filed with the proper chairman or chairmen and within the time
designated in said amended Article 3112.

(2)  Such a request may likewise be filed by any twenty-
five (25) qualified voters resident within such district, signed
and duly acknowledged by each of said twenty-five voters.  It
shall state the occupation, county of residence and post-office
address of said candidate, whose name is requested therein to be
placed on the official ballot.

We have found no statutory authority whereby such a request can be signed and acknowledged by an agent purporting to act for a candidate.

It is therefore the opinion of this department that your question should be answered in the negative.

We desire to express our appreciation for the authorities  and argument furnished by you in your brief in this connection.  We also commend you on the correct conclusion therein reached.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By  s/L. H. Flewellen
L. H. Flewellen
Assistant

LHF:EP:wc


APPROVED MAY 31, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman