E. W. PUNCHARD ET AL. v. BRANCH T. MASTERSON ET AL.

No. 1634. Decided April 10, 1907.

**1.—Deed—Acknowledgment.**

Where acknowledgment is prescribed, without declaring of what the acknowledgment shall consist, it is meant that the grantor in a deed must appear before a duly authorized officer and state that he executed the same. (P. 481.)

**2.—Same—Registration.**

A certificate by the officer that the grantor named in a deed "signed the foregoing instrument in my presence after examining and reading the same," is insufficient as a certificate of acknowledgment under the Act of February 5, 1841 (1 Sayles' Early Laws, 477, 478; Paschal Dig., art. 4978), which provides for registry of deeds "upon the acknowledgment of the party," without prescribing, as did the Act of May 12, 1846 (Pasch. Dig., art. 5007), what would constitute acknowledgment; such instrument can not, therefore, be proved. by certified copy of the record, as a deed duly registered.   (Pp. 480–482.)

**3.—Same—Curative Act.**

The certificate not showing an acknowledgment of the deed, its registration was not made effective by either the curative Act of February 9, 1860, or that of April 23, 1895, both of which apply only to acknowledged instruments. (P. 482.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Brazos County.

*Cox & Cox* and *Hefley, McBribe & Watson,* for appellants.

*Masterson & Masterson,* for appellees.

GAINES, CHIEF JUSTICE.—This case comes to us upon a certified question.   The statement and questions are as follows:

"Appellants sued appellees in trespass to try title and as a link in their chain of title offered in evidence a certified copy from the records of Brazoria County of a certain deed from Oliver Jones for the land in controversy.   This deed was dated May 4, 1841, and the original was recorded in the deed records of Austin County May 25, 1841. At that time and since the land lay in Brazoria County.

"On July 29, 1901, a duly certified copy of this deed from the records of Austin County was recorded in Brazoria County under the provisions of the Act of 1895 (art. 4642, Rev. Stats.)   It was a certified copy of this record that was offered in evidence.   The certificate of acknowledgment of the deed is as follows:

" 'Republic of Texas,}
County of Austin,    {
    Personally came Oliver Jones, who signed the foregoing instrument in my presence, after examining and reading the same, all of which is admitted to record this 4th day of May, 1841.

J. H. Money,
Chief Justice A. C.'

"The following questions which are material to the determination of the motion for rehearing in this cause now pending before us are certified:

"First.   Was this certified copy admissible in evidence in view of (1) the form of the certificate, and (2) the absence of the impress of the official seal of the chief justice before whom the acknowledgment was taken?

"Second.   If it should be held, in answer to the foregoing question, that the certificate was not sufficient to authorize the original record

of the instrument, was such record validated by any of the curative acts subsequently passed so as to authorize the record of the certified copy in Brazoria County under the Act of 1895 above referred to?

"The law in force at the time the deed was acknowledged and recorded in Austin County was section 21 of the Act of February 5, 1841. (1 Sayles' Early Laws, pp. 477-8.)"

We think the first question certified has been practically decided by this court in the case of McDaniel v. Needham (61 Texas, 269). There it was held that "a certificate made in 1851 by a county clerk, over his seal of office, reciting that one whose name appeared signed to a power of attorney to which the certificate was attached, appeared before that officer, and in his presence signed, sealed and delivered the same for the uses and purposes therein contained, afforded no such proof, under the statutes in force at the time of the execution of the instrument, as would authorize its registration." This decision was followed by the Court of Civil Appeals of the First Supreme Judicial District, in the case of Heintz v. O'Donnell (42 S. W. Rep., 797), where it was decided that a similar certificate was not sufficient to admit a deed to record. That case did not reach this court but we think that the point was correctly decided. It is true that the language of the statute in force when the certificates passed upon in the cases cited, were made, is different in language from section 21 of the Act of February 5, 1841, which was in effect when the certificate in question was executed. Section 21, of the Act last mentioned, provided for the registry of deeds "upon the acknowledgment of the party or parties before the register, or chief justice of the county." (Pas. Dig., art. 4978.) The article, unlike that construed in the cases cited, does not give either the form or the substance of the acknowledgment. The language of the Act of May 12, 1846, which was the statute under consideration in the cases of McDaniel v. Needham and Heintz v. O'Donnell, supra, is as follows: "The acknowledgment of an instrument of writing, for the purpose of being recorded, shall be by the grantor or person who executed the same, appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein stated; and the officer taking such acknowledgment shall make a certificate thereof, sign and seal the same with the seal of office." (Pas. Dig., art. 5007.) We are of opinion that the Act of 1841 implies all that is expressed in that of 1846. "Acknowledgment is a proceeding provided by statute whereby a person who has executed an instrument may, by going before a competent officer or court and declaring it to be his act and deed, entitle it to be recorded, or to be received in evidence without further proof of execution, or both." (1 Cyc., 512.) Therefore when an acknowledgment is prescribed, without declaring of what the acknowledgment shall consist, it is meant that the grantor in a deed must appear before a duly authorized officer and state that he executed the same. Hence the decisions cited are as applicable to the prior as to the subsequent act. "This word acknowledge, besides the legal sense in which it has for centuries been used, has also a common meaning, understood by every

one, which uniformly relates to something past; it is a confession or admission of some prior act." (Roanes v. Archer, 4 Leigh, 557.) The principle so stated is unquestionably correct, and therefore a certificate which merely shows that the officer saw the grantor in a deed sign his name thereto, is in no sense an acknowledgment of the instrument. Referring to certain cases hereinafter cited, Mr. Devlin, after an elaborate discussion of the question, says: "These decisions, if they go to the extent that a certificate may be sufficient which omits to state that the grantor acknowledged the execution of the deed, are in direct conflict with the cases cited in other portions of the treatise, and can not, by either reason or authority, be supported." (1 Devlin on Deeds, sec. 526.) The author then proceeds to discuss the decisions in the following cases: Basshor v. Stewart (54 Md., 376); Hoboken Land and Improvement Company v. Kerrigan (31 N. J. L., 13), and reaches the conclusion that insofar as they may hold the contrary doctrine they are not sound. In support of the position that the certificate is not good as an acknowledgment many cases from other jurisdictions might be cited, but in view of our own decisions, it is deemed unnecessary.

We answer the first part of the first question in the negative, and therefore need not answer so much thereof as pertains to the necessity of a seal.

We are at a loss to ascertain definitely the curative acts mentioned in the second question; but presume they are the Act of February 9, 1860, and the Act passed April 23, 1895. The second section of the former Act validates the registration of certain instruments. Its main purpose seems to have been to make good the record of all instruments authorized by law to be recorded, when properly acknowledged and proved, and when the acknowledgments had been made before an officer not authorized to act in the matter. The more specific idea appears to have been that there were many deeds upon record, the registrations of which were invalid by reason of the fact that they had been acknowledged or proved before officers of counties other than those in which the land is situated. Perhaps the Act has a more extended effect—but that matter is unimportant. The section by its terms clearly applied to such instruments only as had been acknowledged or proved before certain officers specified. The words "provided that the same shall have been acknowledged by the grantor or grantors before any chief justice." etc., leaves no room for any other construction. Having found that the certificate appended to the deed in question is not acknowledged the Act of February 9, 1860, can not apply to it.

The Act of April 25, 1895, provided, in effect, that where a deed had been recorded in a county other than that in which the land is situated, a certified copy thereof might be recorded in the county where the land lay. But the Act applies only to instruments "which shall have been acknowledged, proved or certified according to law." Therefore it can not apply to the deed in question.

We answer the second question also in the negative.