## WILLIS et ux. v. GIBRALTAR SAV. & BLDG. ASS'N.

### No. 10062.

Court of Civil Appeals of Texas. Galveston.
Jan. 24, 1935.

Weslow, Beadle & Mooney, of Houston, for appellants.

Edgar Monteith and Arnaldo W. Baring, both of Houston, for appellee.

LANE, Justice.

On the 23d day of December, 1925, John T. Gillies, by his warranty deed, for and in consideration of the assumption by Terrance Willis and wife of a certain vendor's lien note for the sum of $900, same being a lien on the land involved in the present suit, conveyed to Willis and wife said land, described as follows:

"Lots Two (2) and Three (3), in Block One Hundred and Forty (140) in Magnolia Park, an addition to the City of Houston, in Harris County, Texas."

The note and lien were in due course assigned to and became the property of Gibraltar Savings & Building Association.

While the title to said property was in Willis and wife, they, for the purpose of build-

ing a residence thereon, entered into a contract with one E. E. Burgess, whereby Burgess agreed to furnish all the labor and material to construct said residence for a consideration of $700. To secure the payment of said sum, a mechanic's and materialman's lien was fixed against the property.

E. E. Burgess assigned said $700 and lien to Gibraltar Savings & Building Association.

By the transactions mentioned, Gibraltar Savings & Building Association became the owner of two sums owing by Willis and wife, one a vendor's lien on the property involved, in the sum of $900, and the other a mechanic's and materialman's lien on said property in the sum of $700, a total of $1,600, which was evidenced by a note for $1,600 signed by Willis and wife, payable to Gibraltar Savings & Building Association.

On the 12th day of August, 1927, to further secure said indebtedness, Willis and wife executed to one Edgar Monteith, trustee, a deed of trust covering the property involved in this suit. The indebtedness becoming due and unpaid, the trustee, at the request of the Gibraltar Association, sold the property in manner and form as provided in the deed of trust, and in conformity to the requirements of law sold the property to the Gibraltar Association for $1,000; in all respects in conformity to law and the terms of said deed of trust, and after making such sale, he executed a deed conveying the property to the Gibraltar Association on the 3d day of August, 1931.

On the 2d day of April, 1932, Gibraltar Savings & Building Association brought this suit in the form of trespass to try title to the property involved, against Terrance Willis and wife, Isabella T. Willis. Plaintiff also sued for the sum of $45 rent alleged to be due by defendants for the use of the property for three months.

The property was the homestead of Willis and wife at the time the trust deed to Monteith was executed.

The only issue in the case as it was developed upon the trial and the only one materially contested in the trial court and in this court is the validity of the deed of trust made to Monteith, the defendants contending that such deed of trust was void, in that the notary who took Mrs. Willis' acknowledgment to the deed of trust did not fully explain it to her before she acknowledged the same.

The case was tried before a jury. After both parties had closed their respective evidence, the court submitted to the jury the following special issues:

"(1) Do you find from the preponderance of the evidence that the notary taking the acknowledgment of Mrs. Willis to the deed of trust in question failed to fully explain said instrument to her? Answer Yes or No, as you may find."

"(2) Do you find from a preponderance of the evidence that the notary in taking the acknowledgment of Mrs. Willis to the mechanic's lien contract between Willis and wife and Burgess failed to fully explain said instrument to her? Answer Yes or No, as you may find."

The jury answered both special issues in the negative.

The finding of the jury to special issue No. 2 is not attacked by defendants.

Upon the findings of the jury and the evidence the court rendered judgment for the plaintiff for the property sued for and for $45 for rent against the defendants. The defendants have appealed.

Appellants present but two assignments, which are as follows:

First Assignment: "The court erred in overruling appellants' motion that the verdict of the jury herein be set aside, and that, notwithstanding such verdict, the court, on the uncontroverted testimony in the case, find in the affirmative on such issue, and upon such finding, render judgment in favor of appellants."

Second Assignment: "The court erred in overruling the motion of appellants for judgment in their favor, notwithstanding verdict, and in rendering, upon the verdict of the jury in this case, a judgment in favor of appellee, the jury having answered in the negative a special issue reading as follows:

" 'Do you find from a preponderance of the evidence that the deed of trust in question was fully explained to Mrs. Willis by the Notary, whose certificate of acknowledgment appears thereon.' "

We overrule the assignments. The certificate of acknowledgment on its face is strictly in legal form and meets every requirement of law. Mrs. Willis voluntarily appeared before the notary who took her acknowledgment for the purpose of having the notary take her acknowledgment to the instrument in question. There is no contention, by plea or otherwise, that Mrs. Willis was induced to sign and acknowledge the instrument by reason of any fraud practiced upon her by the notary or any one else. Wherefore, the recitals of the certificate are conclusive. Adkins-Polk Co. v. Rhodes (Tex. Com. App.) 24 S.W.(2d) 351, at page 353; Wheelock v. Cav-

itt, 91 Tex. 679, 45 S. W. 796, 66 Am. St. Rep. 920.

"A certificate of acknowledgment is prima facie evidence of the facts therein recited, and it is conclusive unless impeached in the manner recognized by law." Vol. 1, Texas Jurisprudence, p. 584. See Ellington v. Bryant (Tex. Civ. App.) 293 S. W. 327; vol. 1, Texas Jurisprudence, at p. 589; Stewart v. Miller (Tex. Civ. App.) 271 S. W. 311.

At top of page 591, vol. 1, Texas Jurisprudence, it is said: "It has been held that in the absence of a showing of fraud or imposition an acknowledgment may not be impeached on the score that it was taken hurriedly and in a careless manner, and without propounding the necessary questions."

We think there was ample evidence to support the finding of the jury in answer to special issue No. 1, and the judgment rendered.

The judgment is affirmed.

Affirmed.