

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS       AUSTIN 11, TEXAS

~~WILL WILSON~~
~~XXXXXXXXXXXX~~

**ATTORNEY GENERAL**

Honorable Homer L. Moss
County Attorney
Wheeler County
Wheeler, Texas

Dear Sir:

Opinion No. O-6054
Re: Under the facts submitted
and under Articles 3111
and 3112, Vernon's Annota-
ted Civil Statutes, does
the Chairman of the Wheeler
County Democratic Executive
Committee have the right to
certify the name of the ap-
plicant as a candidate for
the office of State Repre-
sentative in and for said
county?

    This will acknowledge receipt of your letter, dated
May 20th, which reads, in part, as follows:

    "   .   .   .

    "Mr. Crump as Chairman of the County Execu-
tive Democratic committee has received an appli-
cation from one Mr. R. L. Templeton for a place
on the ballot to be used by and for Wheeler Coun-
ty in the coming first Democratic primary. Mr.
Templeton is a candidate for the office of Repre-
sentative.

    "Mr. Crump advises that there is no district
executive committee and the filings in such races
are made with the four county chairmen respective-
ly. In the case at hand no form of acknowledgment
or verification appears on the application. Natur-
ally, Mr. Crump is anxious to have you pass upon
this matter at your earliest convenience, if at all
practical. There being no exact precedent by court
decision to the knowledge or either the chairman
or I, it appears very important that the former
have the benefit of an opinion from you or your
staff in order that a generally satisfactory action
on his part may performed.

    "   .   .   . ."

We further set forth the application in question as disclosed by your enclosed brief:

"R. L. Templeton
Wellington, Texas

"To the Chairman of the Democratic Executive Committee in and for Wheeler County, Texas:

"Dear Sir:

"I hereby make application to have my name placed on the ballot to be used at the Democratic Primary for the selection of Democratic nominees for State and County offices at the election to be held throughout the State on July 22nd, 1944 as a candidate for the office of State Representative for the 122nd Representative District of Texas, composed of Collingsworth, Wheeler, Gray and Donley Counties.

"In connection therewith I hereby enclose the sum of $1.00, filing fee.

"I am twenty-four years of age and was born in Wellington, Collingsworth County, Texas, where I have resided and had my citizenship all of my life. I am a Democrat and pledge myself to support the nominees of the Democratic Primary.

"Respectfully submitted,

R. L. Templeton (in writing)
(signature)

R. L. Templeton (typed)

Post office address:
Wellington, Texas."

Articles 3111 and 3112, Vernon's Annotated Civil Statutes, respectively provide:

"The request to have the name of any person affiliating with any party placed on the official ballot for a general primary as a candidate for the nomination of such party for any State office shall be governed by the following:

"1. Such request shall be in writing signed and duly acknowledged by the person desiring such nomination, or by twenty-five qualified voters. It shall state the occupation, county of residence

and post-office address of such person, and if made by him shall also state his age.

"2. Any such request shall be filed with the State chairman not later than the first Monday in June preceding such primary, and shall be considered filed if sent to such chairman at his post-office address by registered mail from any point in this State.

". . .." (Emphasis ours)

"Any person desiring his name to appear on the official ballot as a candidate for the nomination for Chief Justice or Associate Justice of the Court of Civil Appeals, or for Representative in Congress, or for State Senator when such Senatorial District is composed of one or more than one County, or for Representative, or district judge or district attorney in representative or judicial districts composed of one or more than one county, shall file with the chairman of the executive committee of the party for the district, said request with reference to a candidate for a State nomination, or if there be no chairman of such district executive committee, then with the chairman of each county composing such district, not later than the third Monday in May preceding the general primary. Such requests may likewise be filed not later than said date by any twenty-five (25) qualified voters resident within such district, signed and duly acknowledged. Immediately after said date each such district chairman shall certify the names of all persons for whom such requests have been filed to the county chairman of each county composing such district. If said name is not submitted or filed within said time, same shall not be placed upon said ballot." (Emphasis ours)

These enactments were designed to promote fair dealing, good faith and prevent injustice, by denying fraudulent or frivolous filings of candidates which might be made solely for the purpose of deceiving the electorate and without any intention or hope on the part of the candidate of being successful. The Legislature has seen fit to lay down these requisites as safeguards.

Therefore, before any candidate may submit himself to the qualified voters of this State, he must comply with the prerequisites set forth in the Article 3111, supra. Such requirements are mandatory. See cases cited, 20 C.J. #113, p. 115; 29 C.J.S. #114, p. 153, indicating that it is so held universally.

And in McClain v. Betts, et al., (Civ.App. 1936) 95 S. W. (2d) 1311, the court said:

"We have carefully examined relator's application to have his name placed on said ballot, as above stated, and find that it contains every matter required by law. The only criticism, as to its legal sufficiency, that could be urged is that relator did not acknowledge his request or application for his name to be placed on the ballot as required by subdivision 1 of article 3111, R.S. 1925. But he did verify same by swearing that all of the facts stated in his application were true. The purpose of requiring that such application be acknowledged is to insure the applicant's good faith, and purpose in making the request, and as relator duly verified by oath the contents of his application, it was a substantial and sufficient compliance with the statute." (Emphasis ours)

In construing a statutory word or phrase the court may take into consideration the meaning of the same or similar language used elsewhere in the Act or in another of similar nature. See cases cited, 39 Tex. Juris. #108, p. 201.

Article 3113, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Any person desiring his name to appear on the official ballot for the general primary, as a candidate for the nomination for any office to be filled by the qualified voters of a county or a portion thereof, or for county chairman, shall file with the county chairman of the county of his residence, not later than Saturday before the third Monday in June preceding such primary, a written request for his name to be printed on such official ballot as a candidate for the nomination or position named therein, giving his occupation and post-office address, giving street and number of his residence, if within a city or town, such request to be signed and acknowledged by him before some officer authorized to take acknowledgments to deeds. . . ." (Emphasis ours)

And in Punchard, et al., v. Masterson, et al, 100 Tex. 479, 101 S. W. 204, the Supreme Court said:

". . . Therefore, when an acknowledgment is prescribed, without declaring of what the acknowledgment shall consist, it is meant that the grantor in a deed must appear before a duly authorized officer and state that he executed the

same. . . . . 'This word "acknowledge," besides the legal sense in which it has for centuries been used, has also a common meaning, understood by every one, which uniformly relates to something past. It is a confession or admission of some prior act.' Roanes v. Archer, 4 Leigh (Va.) 557. . . ."

The persons authorized to take acknowledgments are enumerated in Article 6602, Vernon's Annotated Civil Statutes.

In view of the foregoing, it follows that the applicant has not complied with the provisions of Articles 3111 and 3112, supra, in that he has not made the required acknowledgment or verification nor has he made a "substantial compliance" therewith. Furthermore, the applicant has not set forth his occupation on the application as required by said articles.

In our opinion, therefore, the chairman of the Wheeler County Democratic Executive Committee does not have the right to certify the name of the applicant for a place as a candidate for the office of State Representative, 122nd District of Texas, on the ballot to be used in the Democratic Primary to be held on July 22, 1944, in and for such county.

Trusting this satisfactorily answers your inquiry, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Fred C. Chandler
Fred C. Chandler
Assistant

By /s/ Elton M. Hyder, Jr.
Elton M. Hyder, Jr.

EMH:db

APPROVED JUN 7, 1944

Grover Sellers

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY /s/ BWB
CHAIRMAN