

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 17, 1963

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 14, Texas

Opinion No. C-194

Re: Review of Attorney General's
Opinion No. V-1049 (1950)
in light of Section 46 of
the Texas Probate Code as
amended by the 57th Legis-
lature and related questions.

Dear Mr. Greer:

In your letter requesting an opinion from this office
upon certain questions you have stated that:

"Attorney General Opinion No. V-1049
rendered April 29, 1950, advised us not to
issue a certificate of title to a motor vehicle
in the name of multiple owners joined disjunc-
tively as owners on the certificate of title
by 'or' or by 'and/or.'

". . .

"Section 46 of the Probate Code of Texas,
1955 as amended by the 57th Texas Legislature,
Regular Session, 1961 provides for severance
of a deceased joint owners interest and for
his interest to descend, and be vested in, the
heirs or legal representatives of his estate.
The Act provides, however, that joint owners
may by written agreement provide that if either
joint owner dies, his interest will survive
to the remaining joint owner or owners."

In connection with the foregoing facts you have posed
the following questions:

"1. Should we permit a written agreement,
such as contemplated in the above section of the

-934-

Texas Probate Code, to be filed with an application for title of joint owners so that in the event of the death of either owner, the surviving joint owner could claim title to the motor vehicle in accordance with the agreement on file by merely filing an application for certificate of title supported by an affidavit of fact similar to the type of affidavit specified in Section 35 P.C. 1436-1 but without regard to the interest of other heirs in the estate of the deceased owner.

"2. If Question 1 is answered in the affirmative could we also honor an agreement of joint owners if the agreement was not on file with us prior to the death of the joint owner in whose name title had previously been issued.

"3. Should we now issue a certificate of title to multiple owners of a vehicle and allow the words 'or' or 'and/or' to appear thereon and subsequently allow either owner to claim or assign title without a release from the other."

Section 46 of the Texas Probate Code, as amended in 1961, reads in part as follows:

"Where two (2) or more persons hold an estate, real, personal, or mixed, jointly, and one (1) joint owner dies before severance, his interest in said joint estate shall not survive to the remaining joint owner or joint owners, but shall descend to, and be vested in, the heirs or legal representatives of such deceased joint owner in the same manner as if his interest had been severed and ascertained. Provided, however, that by an agreement in writing of joint owners of property, the interest of any joint owner who dies may be made to survive to the surviving joint owner or joint owners, but no such agreement shall be inferred from the mere fact that the property is held in joint ownership. . . ." (Emphasis added).

Section 8 of Article 1436-1, Vernon's Penal Code, the Certificate of Title Act, provides that:

"The term 'Subsequent Sale' means the bargain, sale, transfer, or delivery, with intent to pass an interest therein, other than a lien, of a motor vehicle which has been registered or licensed within this State or elsewhere, . . ." (Emphasis added).

Section 33 of Article 1436-1, provides that:

"No motor vehicle may be disposed of at subsequent sale unless the owner designated in the certificate of title shall transfer the certificate of title on form to be prescribed by the Department before a Notary Public,. . . and no title to any motor vehicle shall pass or vest until such transfer be so executed." (Emphasis added).

Section 35 of Article 1436-1 provides that:

"Whenever the ownership of a motor vehicle registered or licensed within this State is transferred by operation of law, as upon inheritance, devise or bequest, bankruptcy, recivership, judicial sale, or any other involuntary divesture of ownership, the Department shall issue a new certificate of title upon being provided with certified copy of the probate proceedings, if any (if no administration is necessary, then upon affidavit showing such fact and all of the heirs at law and specification by the heirs as to in whose name the certificate shall issue), or order, or bill of sale from the officer making the judicial sale. . ." (Emphasis added).

Section 53 of Article 1436-1 provides that:

"All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with." (Emphasis added).

It is most clear from a study of the foregoing provisions contained in Article 1436-1, the Certificate of Title Act, that an effort to transfer title to a motor vehicle without complying with the provisions of Article 1436-1 results in a failure of legal title to pass. This position has uniformly been followed by the courts of this State in such cases as Wise v. Cain, 212 S.W.2d 880 (Tex.Civ.App. 1948, error ref. n.r.e.); Griffin v. Moon, 288 S.W.2d 543 (Tex.Civ.App. 1956); Continental Credit Corp. v. Norman, 303 S.W.2d 449 (Tex.Civ. App. 1957, error ref. n.r.e.); and Bryant v. Hancock, 287 S.W. 2d 525 (Tex.Civ.App. 1956).

In view of the foregoing statutes and the decisions of our courts, it would follow that an agreement between joint

owners of a motor vehicle, pursuant to Section 46 of the Texas Probate Code, that the interest of any joint owner who dies may be made to survive to the surviving joint owner would not be sufficient in itself to transfer legal title to the motor vehicle to the surviving joint owner pursuant to Article 1436-1 in a situation whereby the agreement between the joint owners is merely presented or filed for the purpose of having a new certificate of title issued in the name of the surviving joint owner. This method of transferring ownership in a motor vehicle is not authorized by either Section 33 or Section 35 of Article 1436-1.

However, this does not mean that Section 46 of the Texas Probate Code, and Article 1436-1 are in conflict, or that agreements pursuant to Section 46 of the Texas Probate Code involving motor vehicles are a nullity. In the case of Elder Chevrolet Co. v. Bailey County Motor Co., 151 S.W.2d 938 (1941), the Court stated in its opinion that:

> "The transaction of March 18, 1940, between plaintiff and Bailey County Motor Company was insufficient to vest the title to the 1939 model Ford in Bailey County Motor Company. For this purpose same was void and ineffective. This does not necessarily mean that it was entirely void and ineffective. An ineffective attempt to convey may in some cases be construed as a contract to convey. This transaction, in our opinion, was sufficient to bind the plaintiff so far as in its power to take the initial steps necessary to enable Bailey County Motor Company to obtain a certificate of title. . . . (Emphasis added).

> " . . .

> "Rights plaintiff may have as to this motor car, but the right to foreclose a lien thereon it has not. It may have a right to recover the title and possession of the car from defendant Bailey County Motor Company, but such right is subject to an adjustment of equities. . . ." (Emphasis added).

In the case of Rush v. Smitherman, 294 S.W.2d 873 (Tex.Civ.App. 1956, error ref. n.r.e.), the Court held that a contract to sell and a sale of a motor vehicle without transfer of a title certificate to the buyer was valid as between the parties when the purposes of the Certificate of Title Act are not defeated even though under Section 33 and Section 53 of

Article 1436-1, failure to transfer the certificate renders the sale void.

Consequently we are of the opinion that while an agreement made by joint owners of a motor vehicle pursuant to Section 46 of the Texas Probate Code may be sufficient to establish ownership of a motor vehicle as between the joint owners and their heirs, such an agreement would not be sufficient itself to authorize a new certificate of title for the motor vehicle being issued in the name of the surviving joint owner. The new certificate of title could be issued only after the provisions set forth in either Section 33 or Section 35 of Article 1436-1 have been complied with. We are of the further opinion that this would be true regardless of whether the agreement made by the joint owner of the motor vehicle, pursuant to Section 46 of the Texas Probate Code, was filed with the State Highway Department before or after the death of one of the joint owners of the motor vehicle.

Attorney General's Opinion No. V-1049 (1950), held that the State Highway Department is not authorized to issue a certificate of title to a motor vehicle in the name of multiple owners joined disjunctively as owners on the certificate of title by "or" and by "and/or." In view of our foregoing opinion answering your first two questions in the negative, and the authority cited in connection therewith, we are of the further opinion that the provisions of Section 46 of the Texas Probate Code do not change or alter the holding in Attorney General's Opinion No. V-1049 (1950).

## S U M M A R Y

An agreement made by joint owners of a motor vehicle, pursuant to Section 46 of the Texas Probate Code, would not in itself be sufficient to authorize the State Highway Department to issue a new certificate of title to the motor vehicle in the name of the surviving joint owner.

The provisions of Section 46 of the Texas Probate Code do not alter or amend the holding in Attorney General's Opinion No. V-1049 (1950).

Yours very truly,

WAGGONER CARR
Attorney General

Hon. D. C. Greer, page 6 (C- 194 )

By: *Pat Bailey*
Pat Bailey
Assistant

PB:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Norman Suarez
John Reeves
Murray Jordan
V. F. Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY: H. Grady Chandler