**Paula R. SALINAS et al., Appellants,**

v.

**BROWNSVILLE SAVINGS AND LOAN ASSOCIATION et al., Appellees.**

No. 4397.

Court of Civil Appeals of Texas.

Waco.

Aug. 12, 1965.

Rehearing Denied Sept. 2, 1965.

R. M. Bounds, L. A. Ashcroft, McAllen, for appellants.

Jackson Littleton, Kelley, Looney, McLean & Littleton, Edinburg, C. S. Eidman, Jr., Brownsville, for appellees.

WILSON, Justice.

Appellant and the heirs of her deceased husband sought to enjoin a sale of land by the trustee under the power in a deed of trust, and to remove the cloud from title alleged to exist because of the deed of trust and a mechanic's lien contract. The trial court sustained appellee's motion for instructed verdict made after appellants rested, and rendered a take-nothing judgment.

The property described in the instruments, purporting to bear her signature, was the homestead of the widow and her deceased husband. Appellants pleaded, and the widow testified, that she did not sign

the instruments. There was evidence she was illiterate; that she could not sign her name; and that she ordinarily used an X-mark when her signature was required on other occasions.

The acknowledgments are regular. A certificate of acknowledgment, absent fraud or imposition, is ordinarily conclusive of the facts stated therein, including the recital that the grantor acknowledged execution of the instrument. Kocourek v. Marak, 54 Tex. 201; Williams v. Pouns, 48 Tex. 141; 1 Tex.Jur.2d, Sec. 107, p. 432.

Even where the land involved is the homestead, the testimony of the wife "that she did not execute these papers was not sufficient to destroy the probative force of the acknowledgments." Southwest Bitulithic Co. v. Martinez, 135 Tex. 347, 143 S.W.2d 116, 118.

The judgment is affirmed.