Janice Latimer HALL et vir, Appellants,

v.

Jess Carl HAYES et ux., Appellees.

No. 6010.

Court of Civil Appeals of Texas.

El Paso.

March 12, 1969.

Mitchell Esper, El Paso, for appellants.

William L. Merkin, El Paso, for appellees.

## OPINION

FRASER, Chief Justice.

This is a suit, in the nature of a bill of review, to set aside an adoption, filed by Janice Latimer Hall (the natural mother of the adopted children) against Jess Carl Hayes et ux., Freda La Bern Hayes (the adoptive parents and the natural parents of the said Janice Latimer Hall). The district court upheld the validity of the judgment of adoption and allowed said adoption to remain in full force and effect. A statement of the point or points upon which the consequent appeal of plaintiff, the present appellant, is based, follows:

"First Point. The trial court erred in denying Appellants' bill of review to set aside a judgment of adoption for reason that the evidence showed, as a matter of law, that the Appellant's written consent to said adoption, as the natural mother of the adopted children, was not duly acknowledged as required by Art. 46(a), § 6(a) and § 6(f), V.A.T.S., and was therefore invalid, and because of such invalidity the parental custody and control of the natural mother of and over said children was not divested.

"Second point: The trial court erred in denying Appellants' Petition for Bill of Review to set aside the adoption, for the reason that the evidence, at the trial, conclusively showed that:

(1) There existed a meritorious defense to the cause of action;

(2) Appellant was prevented from presenting such meritorious defense through extrinsic fraud or wrongful acts by the opposite party; and,

(3) Appellant was diligent in seeking to set aside the judgment."

We have gone over the matters relating to these points and are convinced that they must be overruled for the following reasons.

This case, being in the nature of a bill of review, endows the trial court

with considerable discretion. Appellant Janice Latimer Hall testified that she signed the consent for adoption but did not appear before the notary who signed the acknowledgment. The notary, however, called by appellant as her own witness, testified that appellant did sign in her (the notary's) presence, in the office of appellant's father, who was also present, but that no words passed between the appellant and the notary. We do not feel that appellant's uncorroborated testimony that she did not appear before the notary is sufficient to impeach her acknowledgment under the circumstances. To impeach a notary's certificate, it has been held that the evidence must be clearly cogent and convincing beyond any reasonable controversy. Griffin v. Stewart, 348 S.W.2d 800 (Civ. App., n.w.h.). It must be kept in mind that in a case of this nature, tried without a jury, all reasonable presumptions must be resolved in favor of the judgment.

█ Appellant vigorously urges that the consent for adoption was not duly acknowledged as provided in the statutes pertaining thereto. These statutes dealing with adoption do not specify the acts necessary for a proper acknowledgment. Further, it has also been held that in the absence of fraud or imposition, a notary cannot impeach his own certificate by testifying that he failed to explain it to a person who filed the instrument or appeared before the notary to acknowledge it. This has been held to be necessary from a legal point of view, since the certificate is made at the time of acknowledgment and is more apt to be true and correct than the memory of a person months or years afterward. Barrera v. Gonzalez, 341 S.W.2d 703 (Civ.App., ref., n.r.e.). It has also been held that where a party submits to the jurisdiction of a notary public for the purpose of having an instrument acknowledged, the certificate of acknowledgment in due form is conclusive of the facts therein stated, including the recital that the signer acknowledged the execution of the instrument, unless fraud or imposition is alleged and proved. Salinas v. Brownsville Sav. and Loan Ass'n., 393 S.W.2d 371 (Tex.Civ.App., ref., n.r.e.). Also, in the absence of a showing of fraud or imposition, an acknowledgment may not be impeached on the ground that it was taken without propounding the necessary questions. Willis v. Gibraltar Sav. & Bldg. Ass'n., 78 S.W.2d 1030 (Tex.Civ.App., n. w.h.). Substantial compliance with the statute is sufficient to justify the trial court's action in refusing to set aside the adoption. McGowen v. McGowen, 364 S. W.2d 477 (Tex.Civ.App., n.w.h.); Medina v. Yzaguirre, 304 S.W.2d 715 (Tex.Civ. App., n.w.h.). It should be recalled at this point that the notary herself was appellant's own witness and testified that appellant did sign the consent form in the presence of the notary.

█ We again note that appellees are the father and mother of the appellant, and the natural grandparents of the children involved. We do not believe that appellant, as is necessary in a bill of review case, has any meritorious defense to the adoption. Appellant herself testified that she and her father had decided that her parents would have custody of her children until she remarried; that her father contacted an attorney to make the arrangement, and that her father told her that he had some papers he wanted her to sign in order for her parents to get custody of the children. However, she also testified that the word "adoption" was mentioned; that she did not read the consent form and does not remember if her father told her it was a consent to adoption; that she probably would have signed it if she had known that it was; that she thought adoption meant that the children would go to her parents in the event of her death. Such testimony does not support allegations of fraud. It has long been held that every adult person who is not incompetent is presumed to know the law, and that every person who makes a contract acts advisedly and with legal knowledge of its legal effect and consequences. She, at the time, was working

for Hertz Rent-A-Car. Ussery v. Hollebeke, 391 S.W.2d 497 (Tex.Civ.App., ref., n.r.e.). Appellant's testimony was contradicted by her mother, father and sister, which is likely one of the reasons why the trial court chose not to believe parts of her testimony. There is testimony in the record that the legal effect of an adoption was fully discussed and explained to her, and she told her parents that she had discussed it with the attorney who handled the adoption for appellees. Also, she read the document at appellees' home the night before she signed it. She apparently read it rather carefully, because she caught a mistake in the spelling of her name, which she corrected and initialed. She then signed it the following morning in the presence of a notary at her father's office. In addition to these facts, the document she signed is boldly captioned, "CONSENT TO ADOPTION" and was signed by the natural father the day before the date of appellant's acknowledgment. In the case of Thigpen v. Locke, 363 S.W.2d 247, the Texas Supreme Court held that the parties to a contract have the obligation to protect themselves by reading what they sign. Unless there is some basis for finding fraud, the parties may not excuse themselves from the consequences of failing to read the obligation. It will be remembered here that appellant had every opportunity to read the document in question, and apparently did.

In addition to the above matters, and with reference to the trial judge's discretionary power, it should be pointed out that there is evidence in this case showing that appellant neglected and ignored the children, and screamed at them in such a manner that it upset them and caused them to vomit. There are other matters touching on her unfitness which we will not include in this opinion. She was divorced from her first husband in 1965, at which time she was 19 years old. She moved into her parents' (appellees') home in February of 1965, at which time appellees assumed the responsibility for the children. She moved out of the home and into an apartment until other incidents occurred, when she moved back into her parents' home. At the time she moved in with her parents the first time and the grandparents (appellees) assumed the care of the children, the children were aged 1½ and 2½ years, respectively. Appellees established an endowment fund for the children which now amounts to $2,400.00.

As to the matter of diligence, another element necessary to a bill of review case, it is in the record that appellant's mother notified her of the date of the adoption hearing and of the final judgment, which was granted January 7, 1966. It appears from the record, by appellant's own testimony, that she learned of the adoption when her parents moved to Alamogordo in 1966, where they lived for a period of four months, establishing the fact that appellant learned of the adoption at least by July 1966. The petition for the bill of review was not filed until October, 1967, some 21 months after the adoption, and the trial was not held until May 7, 1968. This, in our opinion, does not constitute diligence on her part to recover or attempt to recover her children. It is in the testimony that the natural grandparents have really been the only real parents these children have ever had, and the record appears to show that the children are living a happy and normal life with their grandparents. Where there are no findings of fact and conclusions of law made by the trial court, it is apparent that the reviewing court must consider the facts in the light most favorable to support of the judgment, and the appellate court must presume that the trial court found all necessary facts in favor of its judgment to be true. The trial court, of course, was in a better position to judge the credibility of the witnesses and the weight to be given their testimony, and we need not point out that in a trial of this nature the best interests of the children are and should be the paramount consideration of the court. We believe that the trial judge exercised his discretion properly.

For these reasons appellants' two points of error are overruled and the judgment of the trial court is affirmed.