**In the Interest of D.E.W., Jr.**

**No. 2–82–165–CV.**

Court of Appeals of Texas, Fort Worth.

June 9, 1983.

Rehearing Denied July 14, 1983.

Ronald K. Johnson, Harris, Finley, Creel & Bogle, P.C., Fort Worth, for appellant.

Bruce A. Wilson, John R. Lively, Fort Worth, for appellee.

Before HUGHES, JORDAN and BUR-DOCK, JJ.

## OPINION

HUGHES, Justice.

Tamara and Christopher Harris instituted this suit to terminate the parental rights of Don Edward Wickman, Sr. and for the adoption of Don Edward Wickman, Jr. Tamara Harris is Wickman, Jr.'s natural

mother. The district court rendered a judgment terminating the parental rights of Wickman, Sr. and granting the adoption of Wickman, Jr. Wickman, Sr. then filed an amended motion for new trial which was overruled and from which he brings this appeal.

We affirm.

Appellant asserts twelve points of error, the first four of which deal with the fact that a record of the hearing was not made. He argues that there is no evidence, or alternatively insufficient evidence, that he waived his right to have a record made and that since no statement of facts exists, he was deprived of his due process rights.

■ Wickman, Sr. signed an Affidavit of Relinquishment of Parental Rights which was before the court along with the original petition seeking termination. In *Brown v. McLennan County, Etc.,* 627 S.W.2d 390, ·394 (Tex.1982) the Supreme Court specifically held that these two documents were a sufficient record upon which a judgment of termination may be made. They also stated:

> Where the record supports the judgment in the absence of a statement of facts, it is encumbent on the party alleging error to show that a statement of facts was necessary. In the absence of such a showing there is no error.
>
> To show the necessity of a statement of facts, it was [Appellant's] burden to show that the irrevocable affidavit was obtained by fraud, misrepresentation or overreaching.

In the present case there is no evidence to suggest fraud, misrepresentation or overreaching. Wickman, Sr. testified that he read the affidavit and understood it before he signed it. There was no necessity for a statement of facts. The first four points of error are overruled.

Appellant's points of error five, six and seven advance the proposition that because no attorney ad litem was appointed to represent the interests of the child that the decree of termination and adoption must be overturned. They rely on the case of *Arnold v. Caillier,* 628 S.W.2d 468 (Tex.App.— Beaumont 1981, no writ) in support of their position. In that case the court failed to appoint a guardian ad litem or make a finding that the child's rights were represented adequately by a party to the suit. This is distinguishable from the present case.

■ Here, the court did make a specific finding that the interests of the child could be adequately represented by the mother. This finding complies with the requirements of Tex.Fam.Code Ann. § 11.10(a) (Supp.1982) and there is no showing that the court was in error in making this finding. The fifth, sixth and seventh points of error are overruled.

Appellant's next three points of error attack the execution of the affidavit of relinquishment. He argues that there is no evidence, or alternatively insufficient evidence, that he executed an unrevoked or irrevocable affidavit of relinquishment as required under Tex.Fam.Code Ann. § 15.03 (Supp.1982).

■ Appellant does not dispute that he read the affidavit, he understood it and he signed it. He is asserting now that it was not properly witnessed and notarized.

Section 15.03(a) of the Texas Family Code states that:

> An affidavit for voluntary relinquishment of parental rights must be signed ... witnessed by two credible persons, and verified before any person authorized to take oaths.

There is no requirement that the witnesses be present when the document is signed. It is also well established that the notary need not be physically present at the time the signature is made. *Punchard v. Masterson,* 100 Tex. 479, 101 S.W. 204 (Tex.1907). Here, there was evidence that the two witnesses were sitting at the table next to appellant and that after he signed the affidavit in front of his attorney, the two witnesses signed it.

■ Appellant relies on the case of *Wise v. Cain,* 212 S.W.2d 880 (Tex.Civ.App.— Austin 1948, writ ref'd n.r.e.) in stating that

all parties must appear personally before the notary or the certificate is false. *Wise v. Cain, supra,* only requires that the affiant appear personally before the notary. This was done in the present case. The day after Wickman, Sr. and the witnesses signed the affidavit Wickman appeared before the notary to have the document verified. The notary knew the two witnesses personally and verified that they had witnessed the signature before she notarized the documents. In this case, there is ample evidence that the affidavit was properly witnessed and verified.

 The only grounds for overturning a properly notarized document is fraud or imposition which must be alleged and proven. *Hall v. Hayes,* 441 S.W.2d 275 (Tex.Civ. App.—El Paso 1969, no writ). There is no evidence of fraud or imposition in this case. The eighth, ninth and tenth points of error are overruled.

Appellant's eleventh point of error avers that the trial court erred in terminating the parent-child relationship because no citation was issued and any presuit waiver was ineffective and a violation of appellant's due process rights.

Appellant voluntarily signed an affidavit of relinquishment which clearly stated that he was relinquishing all parental rights, that suit would be filed to terminate his rights and that he would not be further informed about the suit. The Supreme Court has expressly held that this presuit waiver is constitutional. *Brown v. McLennan County, Etc., supra.* The eleventh point of error is overruled.

Appellant's final point of error argues that there is no evidence, or alternatively insufficient evidence, that the court applied a "clear and convincing" standard of proof as required under the law.

Appellant is correct that a clear and convincing evidence standard is applied in suits to terminate the parent-child relationship. *Flowers v. Texas Dept. of Human Resources, Etc.,* 629 S.W.2d 891 (Tex.App.— Fort Worth 1982, no writ). In this case though, there is no evidence to show that a lesser standard was applied. The trial court, sitting without a jury, is presumed to have used the correct standard of proof absent a showing to the contrary. The burden is on appellant to show that the proper standard was not applied. Point of error twelve is overruled.

Affirmed.