

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00402-CV

**IN THE INTEREST OF E.E.V.** and D.D.F., Children

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-02923
Honorable Peter A. Sakai, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
        Sandee Bryan Marion, Justice
        Marialyn Barnard, Justice

Delivered and Filed:  September 11, 2013

AFFIRMED

Pamela V. appeals the trial court's order denying her bill of review seeking to set aside an order terminating her parental rights. The only issue raised on appeal is the assertion that the trial court applied an erroneous standard in ruling on the bill of review. We overrule this issue and affirm the trial court's order.

### BACKGROUND

Pamela V. was represented by a retained attorney and fully participated in the hearing on the petition seeking to terminate her parental rights. The order terminating her parental rights was signed on July 13, 2012, approximately ten days after the final hearing. In her petition for bill of review, Pamela V. asserted that she had no knowledge that the order had been signed until two weeks later due to a lack of communication between her attorney and her. Pamela V.

acknowledges that she filed a timely *pro se* motion for new trial; however, she contends she did not know the requirements for perfecting an appeal and was unable to retain an attorney in time to file a notice of appeal before the appellate deadline.

The trial court conducted a hearing on Pamela V.'s bill of review petition. At the conclusion of the hearing, the trial court took the matter under advisement. Approximately one month after the hearing, the trial court signed an order denying the petition without stating any basis for the denial. No findings of fact and conclusions of law were requested or entered.

### DISCUSSION

"A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "Generally, a petitioner seeking to set aside a prior judgment by bill of review must plead and prove: (1) a meritorious claim or defense; (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake; (3) unmixed with any fault or negligence by the petitioner." *In re Douglas*, 333 S.W.3d 273, 294 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see also King Ranch, Inc.*, 118 S.W.3d at 751-52 (listing same elements). In situations like the instant case, however, where the petitioner has participated in the underlying suit, the "petitioner must establish a 'meritorious ground on appeal' in lieu of a meritorious claim or defense." *In re Douglas*, 333 S.W.3d at 294; *see also Thompson v. Ballard*, 149, 164 (Tex. App.—Tyler 2004, no pet.).

Pamela V. contends that the trial court erroneously applied the "meritorious claim or defense" element, as opposed to the "meritorious ground on appeal" element in ruling on her petition. As support for this contention, Pamela V. cites argument from counsel at the hearing referring to the erroneous element. As previously noted, however, the trial court took the matter

under advisement at the conclusion of the hearing, and the trial court's order makes no reference to a "meritorious claim or defense."

"Public policy favors the validity of judgments." *Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). A general presumption of validity extends to a trial court's judgment, and "the presumption of validity is perhaps even stronger in a bench trial where an experienced judge … is charged with the responsibility … of correctly applying the law to the facts." *Id.* "The presumption of validity is applied on appeal in inverse relation to the amount of knowledge available to the appellate court." *Id.* "Where the record is ambiguous or silent, the presumption of validity will supply by implication every … proper application of the law needed to support the judgment." *Id.*; *see also In re D.E.W.*, 654 S.W.2d 33, 36 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.) (noting trial court presumed to have used the correct standard absent a showing to the contrary and burden is on appellant to show that proper standard was not applied). In this case, nothing in the record demonstrates that the trial court failed to apply the correct bill of review elements in reaching his decision. Accordingly, Pamela V.'s issue is overruled.

Even if we could be persuaded by Pamela V.'s argument, we note a bill of review petitioner has the burden to plead and prove three elements, not one. As previously noted, the trial court's order does not state the basis upon which he denied Pamela V.'s petition; therefore, the trial court could have determined that Pamela V. failed to establish one of the other two elements she was required to prove. *See Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (denial of bill of review must be affirmed on any legal theory that finds support in the evidence). For example, one of the other elements required Pamela V. to establish that her meritorious ground on appeal "was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake." *In re Douglas*, 333 S.W.3d at 294. In her petition, Pamela V.

asserted that her retained attorney failed to timely notify her that the termination order had been signed.  "[A]llegations of fraud or negligence on the part of a party's attorney are insufficient to support a bill of review." *King Ranch, Inc.*, 118 S.W.3d at 752; *see also Nguyen*, 93 S.W.3d at 293 (noting "relief by equitable bill of review is unavailable" where "legal remedies were available but ignored" even if the failure resulted "from the negligence or mistake of a party's attorney").

**CONCLUSION**

The trial court's order is affirmed.

Catherine Stone, Chief Justice
