

## IN THE
## TENTH COURT OF APPEALS

### No. 10-19-00425-CV

JAMES B.  BONHAM CORPORATION,

Appellant

 v.

W.W. WEBBER, INC. AND W.W. WEBBER, LLC,

Appellee

From the 13th District Court
Navarro County, Texas
Trial Court No. 11-19920-CV

## MEMORANDUM  OPINION

The James B. Bonham Corporation sued W. W. Webber, Inc. and W. W. Webber, LLC,[1] for breach of a commercial lease agreement.  Webber asserted that Bonham did not have standing to bring the claim because Bonham was not the owner of the property the subject of the lease.  The trial court granted Webber's plea to the

---

[1] Successor entity Webber, LLC answered on behalf of W. W. Webber, Inc. and W. W. Webber, LLC.

jurisdiction and dismissed the case for lack of jurisdiction. Bonham instituted this appeal. We will reverse and remand.

## Factual Background

On August 9, 2005, Bonham leased ten acres of land to Webber for the term of three years. Webber leased the premises to operate a concrete crushing plant in connection with an interstate 45 construction project. The lease terminated on August 9, 2008, and upon termination of the lease Webber was required to remove all material and equipment from the premises except the original plant base surfacing. On August 9, 2010, Bonham filed suit alleging Webber breached the lease agreement when it did not remove all material from the premises and did not leave the original plant base surfacing on the premises. Before entering into the lease agreement Bonham purportedly conveyed the leased premises by warranty deed to the United States Invention Corporation by a deed dated March 7, 2003. The warranty deed was subsequently recorded with the Navarro County Clerk on May 1, 2008. Because of the purported conveyance Webber takes the position that Bonham does not have standing to bring suit as a non-owner of the premises the subject of the lease. Webber filed a plea to the jurisdiction which the trial court granted.

## Issue One

In one issue Bonham argues that the trial court erroneously granted Webber's plea to the jurisdiction because fact issues were raised by Bonham.

AUTHORITY

"Standing is a threshold requirement to maintaining a lawsuit." *Farmers Tex. County Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (citations omitted). "To establish standing in Texas, a plaintiff must allege a concrete injury . . . and a real controversy between the parties that will be resolved by the court." *Id.* at 241 (internal quotes and citations omitted). "Specifically, the plaintiff must allege a threatened or actual injury—it may not be hypothetical." *Id.* (citations omitted). A plaintiff's "alleged injury must be concrete and particularized, actual or imminent, not hypothetical." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008) (internal footnotes omitted).

When a plea to the jurisdiction raises a question of standing, we review its grant or denial de novo because standing is a component of subject matter jurisdiction. *Farmers*, 598 S.W.3d at 240. Subject matter jurisdiction is essential to the authority of a court to decide a case and as such is never presumed and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). "In applying a de novo standard of review to a standing determination, reviewing courts construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *Farmers*, 598 S.W.3d at 240 (citing *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018)) (internal quotes omitted). "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *Farmers*, 598 S.W.3d at 241 (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004)). When

considering this evidence, we "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 133 S.W.3d at 228. If evidence does create a fact question on a jurisdictional issue the trial court cannot grant the plea to the jurisdiction. *Id.* at 227–28. The fact issues will then need to be resolved by the finder of fact. *Id.* at 228. "If, after examining the pleadings and any undisputed standing evidence, the court concludes that standing does not exist, the case must be dismissed." *Farmers*, 598 S.W.3d at 241.

DISCUSSION

Webber's plea to the jurisdiction asserts that Bonham does not have standing to bring its claim because Bonham did not own the property the subject of the commercial lease agreement. Webber makes this argument because the warranty deed that purports to convey the subject property from Bonham as grantor to the United States Invention Corporation as grantee has been presented, along with other evidence, in connection with Webber's plea to the jurisdiction. The warranty deed reflects that it was filed with the Navarro County Clerk on May 1, 2008, and further reflects that it was executed on March 7, 2003, by Tom Bennett, Jr.[2] Below Mr. Bennett's signature line his name "Tom Bennett, Jr." is type written with no indication of the capacity in which he executed the warranty deed. The corporate acknowledgement above the notary's signature reflects that the deed was acknowledged before the notary by "Tom Bennett, Jr., of United States Invention, a Texas Corporation, on behalf of said corporation." "The

---

[2] At the time Tom Bennett, Jr. signed the warranty deed he was president of the James Bonham Corporation and United States Invention Corporation.

general purpose of an acknowledgment is to authenticate an instrument as being the act of the person executing the instrument." *Onwuteaka v. Cohen*, 846 S.W.2d 889, 894 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (citing *Punchard v. Masterson*, 100 Tex. 479, 101 S.W. 204, 205 (1907)); *Shelton v. Swift Motors, Inc.*, 674 S.W.2d 337, 342 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). The deed does not reflect that it was executed by a representative of the *grantor*, the James B. Bonham Corporation. Section 5.021 of the property code requires that an instrument of conveyance "must be in writing and must be *subscribed* and delivered by the *conveyor* or by the conveyor's agent authorized in writing." TEX. PROP. CODE ANN. § 5.021 (emphasis added); *see Green v. Canon*, 33 S.W.3d 855, 858 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The Texas Supreme Court has recognized that a deed without a valid acknowledgement is still valid between the grantor and grantee. *Haile v. Holtzclaw*, 414 S.W.2d 916, 928 (Tex. 1967).

The record before us does not address the warranty deed's acknowledgement on behalf of the *grantee* or the capacity in which Tom Bennett, Jr. signed the warranty deed. Furthermore, whether the warranty deed constituted an actual conveyance was not addressed or developed in the trial court. Based on the evidence presented in the record before us there are fact issues regarding ownership of the subject property that create a fact question on the jurisdictional issue of standing. We sustain Bonham's sole issue on appeal.

**Conclusion**

We reverse the trial court's grant of Webber's plea to the jurisdiction and remand this cause to the trial court for further proceedings.


MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Reversed and remanded
Opinion delivered and filed December 22, 2021
[CV06]

