# CLEVELAND et ux. v. ALPINE LUMBER CO.

## No. 3079.

Court of Civil Appeals of Texas. El Paso. Oct. 25, 1934.

Rehearing Denied Nov. 15, 1934.

978

See, also, 70 S.W.(2d) 257.

A. L. Brantley, of Alpine, for appellants.

A. E. Owens and Owens & Fraser, all of Alpine, for appellee.

HIGGINS, Justice.

On April 7, 1931, appellants, O. D. Cleveland and wife, entered into a contract with M. C. Mosley whereby the latter agreed to furnish the labor and material and build a house for appellants on a parcel of land owned by the latter for the consideration of $3,-450, for which amount the Clevelands executed their note payable to the order of Mosley. The contract granted to Mosley a lien upon the house and land. It was duly acknowledged and recorded. The house was erected and accepted by appellants. The appellee, Alpine Lumber Company, became the owner of such note and lien, and later brought this suit against appellants to recover the balance owing upon such note with attorney's fees and to foreclose the lien. The contract obligated appellants to keep the house insured. If they failed to do so, the holder of the note was authorized to do so, and the Clevelands agreed to repay the amounts paid in that connection with interest from date of payment at the rate of 10 per cent. per annum. Appellee also sought to recover the sum of $100.31 which it had paid for insurance and to establish a lien securing same upon the property; the contract providing for such lien. Appellants answered by general denial and plea that the property was their homestead.

Upon trial without a jury, judgment was rendered in favor of the appellee, against appellants, for $4,544.85, with foreclosure of lien securing such amount. Judgment was also rendered against O. D. Cleveland for $454.48 attorney's fees.

The Clevelands appeal.

It is shown by a bill of exception that at the conclusion of the evidence and argument of counsel the court stated he did not think the plaintiffs' pleadings were sufficient to authorize foreclosure upon the homestead, whereupon counsel for plaintiffs asked leave to take a nonsuit, to which the court replied he would grant leave to amend.

Later during the term, February 22, 1934, defendant filed an additional pleading, and thereafter, on February 26, 1934, the court rendered judgment as stated above; the judgment reciting the parties came in person and by attorney and announced ready for trial.

■ Appellants complain of the action of the court in not granting plaintiff a nonsuit and in granting it leave to amend as shown by the bill of exception. The court adopted the practical and proper view that there was no necessity for the plaintiff to take a nonsuit when the defect in its pleadings could be corrected. The court had merely expressed the opinion that the plaintiffs' pleadings were insufficient to sustain foreclosure upon the homestead. The court had not announced its decision and judgment.

The trial had not proceeded to the point where a nonsuit could not properly be allowed (Kidd v. McCracken, 105 Tex. 383, 150 S. W. 885) or amendment of the pleadings permitted. The action of the court obviated the necessity of refiling the suit and a retrial, and no error is shown in this connection. If the additional pleading, in any manner, operated as a surprise to defendants, they should have asked for continuance, which they did not do.

[2] Another assignment submitted in this connection is that the court erred in hearing further evidence after the filing of the additional pleading in the absence of defendants and their counsel, but the record does not show such absence except by allegations of the motion for new trial. This is a matter which should be shown by proper bill. Furthermore, the recitals in the judgment state they did appear, and this must be by this court accepted as true.

We are not sure we fully grasp the various contentions made by appellants with respect to this phase of the case as presented by their first, second, fifth, seventh, and eighth assignments, but upon careful consideration thereof

969

we are of the opinion no error is shown in this connection.

The attack made upon the sufficiency of the testimony of the witness Gillett to show a substantial compliance by Mosley with his contract is without merit.

■ Another assignment attacks the judgment for attorney's fees upon the ground that there was no evidence of any agreement by appellee to pay an attorney, or that any services were rendered by an attorney, or that there was any character of an agreement with Mr. Owens, the attorney for plaintiff.

The stipulation in the note with regard to attorney's fees reads: "And it is hereby specially agreed that if this Note is placed in the hands of an attorney for collection, or if collected by suit, or through the Probate Court, we agree to pay ten per cent additional on the amount of principal and interest then owing thereon as attorney's fees."

The court knew that this suit was instituted and the debt being collected by such suit. This shows the happening of the contingency "if collected by suit," and this of itself fixed liability for the 10 per cent. attorney's fees allowed. 6 Tex. Jur. p. 1028, § 330, and cases there cited.

■ The judgment established and foreclosed the lien as of April 7, 1931, the date of the contract. It is insisted that compliance by Mosley with his contract was essential to the fixing of the lien; that the lien did not attach until such compliance; wherefore the lien should not have been established and foreclosed as of the date of the contract. Not until the completion of the house by Mosley was the lien perfected (Murphy v. Williams, 103 Tex. 155, 124 S. W. 900), but upon such completion the lien related back and attached as of the date of the inception of the lien which was the date of the contract (29 Tex. Jur. p. 558, § 84, and p. 568, § 91). This matter, therefore, presents no error.

The judgment is erroneous in certain of its features to be now noted.

■ The petition upon its face discloses the coverture of Mrs. Cleveland. No facts are alleged to show personal liability upon her part for the sum sued for. It was improper to render judgment against her for said sum of $4,544.85. 23 Tex. Jur. p. 342, § 294. This error is not assigned, but it is fundamental and will be corrected.

■ The note provides for interest at the rate of 8 per cent. per annum from date, the interest payable annually as it accrues, and that all past-due interest shall bear interest from maturity thereof until paid at the rate of 10 per cent. per annum.

The judgment provided that the sum awarded should bear interest at the rate of 10 per cent. per annum. This interest rate is erroneous as to the principal of the note.

■ The judgment awarded foreclosure of lien for the insurance premiums paid by appellee. In view of the homestead character of the property, no lien attached to secure the repayment of such premiums. Section 50 of article 16 of the Constitution of this state.

The errors mentioned do not necessitate a remand of the case, as they can be here corrected.

Accordingly, the judgment is corrected and judgment, as of February 26, 1934, here rendered in favor of the plaintiff as follows:

(1) Against O. D. Cleveland for $3,450, the principal of the note sued upon. The judgment for said sum shall bear interest at the rate of 8 per cent. per annum.

(2) Against O. D. Cleveland for $874.46. This covers interest on the principal of the note from its date, April 7, 1931, to February 26, 1934, at the rate of 8 per cent. per annum, plus interest on past-due interest at the rate of 10 per cent. per annum, as provided in the note. The judgment for said sum shall bear interest at the rate of 10 per cent. per annum.

(3) Against O. D. Cleveland and his wife, Katie Cleveland, establishing and foreclosing the lien sued upon as of April 7, 1931, to secure payment of said sums above awarded and ordering sale of the property.

(4) Against O. D. Cleveland for $432.44 attorney's fees as provided in the note. The judgment for this amount shall bear interest at the rate of 8 per cent. per annum.

(5) Against O. D. Cleveland for $100.31, being the amount of insurance premiums paid by plaintiff.

The record does not disclose the date such premiums were paid, for which reason no past-due interest is allowed, but the judgment for said sum of $100.31 will bear interest at the rate of 10 per cent. per annum; that being the rate agreed to be paid by the contract.

Corrected and affirmed.