**TEXAS CANDY & NUT CO. et al. v. HORTON.**

**No. 14249.**

Court of Civil Appeals of Texas. Dallas.

Oct. 20, 1950.

Rehearing Denied Dec. 29, 1950.

Malone, Lipscomb & Seay, of Dallas, W. R. & W. P. Abernathy, of McKinney, for appellants.

Moses & Truett, of McKinney, for appellee.

CRAMER, Justice.

Appellees Hal C. Horton, Sr., Hal C. Horton, Jr., and Paul W. Plunket, Jr., trading as Hal C. Horton, brought this action against C. C. Bennett and John R. Terrill, trading as Texas Candy & Nut Company,

also alternatively against each of the following: Texas Candy & Nut Company, a co-partnership composed of C. C. Bennett and John R. Terrill, also against C. C. Bennett and John R. Terrill as partners and individuals, also against C. C. Bennett as owner and John R. Terrill as general manager, agent, servant, and employee of Texas Candy & Nut Company, also against Texas Candy & Nut Company, a trust estate of which C. C. Bennett and wife La-Nette Bennett are grantors and grantees and trustors and trustees, with Lindalyn Bennett and Ida Bess Bennett as beneficiaries, against Texas Candy & Nut Company of which Lindalyn and Ida Bess Bennett are beneficiaries, also against John R. Terrill and C. C. Bennett as agents, servants, and employees of said trust and of the Texas Candy & Nut Company, also against C. C. Bennett and wife LaNette Bennett as trustees of said trust and of the Texas Candy & Nut Company, also against Ida Bess and Lindalyn Bennett as beneficiaries of said trust and of Texas Candy & Nut Company, for $10,250 damages growing out of the alleged breach of an option and sales contract covering one thousand drums of cane molasses syrup. Trial was to the court without a jury and after hearing the evidence the court took the matter under advisement, thereafter granting a motion for leave to file a trial amendment. The trial amendment, in addition to above named defendants, complained of C. C. Bennett and John R. Terrill individually and as joint adventurers. The court then rendered judgment against C. C. Bennett and John R. Terrill, jointly and severally, and a take nothing judgment against appellees in favor of all other defendants. This appeal was duly perfected from that judgment by appellants C. C. Bennett and John R. Terrill only.

It appears from evidence, most favorable to the judgment, that Hal C. Horton, at Greenville, received a telephone call from someone in Dallas who told him his name was C. C. Bennett and asked him if he was the party who had theretofore bought some syrup from B & W Candy Company. Horton told him he was. Such party then told Horton that he had considerable of the same syrup and wanted to know if he was interested. Horton told him he was. They discussed terms, Horton offering him $9 per drum, Bennett asking $10. They could not get together and Bennett told him the syrup was at McKinney and other points and asked Horton to go to McKinney and see it. Horton went to McKinney and, at the address given in the phone call, met John R. Terrill (a nephew of Bennett) in the place of business of the Texas Candy & Nut Company. Horton told Terrill of the conversation with Bennett. Terrill was manager of Texas Candy & Nut Company which was owned by a trust estate of which C. C. Bennett was one of the trustees. John R. Terrill there made an agreement with Horton for Texas Candy & Nut Company in substance as follows: Texas Candy & Nut Company gave Horton an option to purchase 750 to 1,000 drums of syrup for $10 per drum. Thereafter Horton exercised the option within the time limit and contracted for 1,000 drums of syrup at the agreed price of $10 per drum. Bennett and Terrill and the Texas Candy & Nut Company thereafter declined to deliver the syrup as contracted for. The damage suffered by appellee Hal C. Horton by reason of the breach was $7,937.50.

Appellants assign 26 points of error.

■ The first three points complain of the trial court's permitting the filing of the trial amendment after the close of the evidence. The record shows that the trial court, when the trial amendment was presented, after the evidence had closed, and on December 27, 1948, gave appellants' attorneys until December 29, at 2:00 P. M., to make objections to the trial amendment. At that time the bill of exceptions shows the following conversation between the court and the attorneys:

"Court: Do the defendants have anything to say about this?

"Abernathy: I don't think so.

"Court: Are you ready for me to announce my decision?

"Truett: I am."

Under such record these points are over-ruled.

Points 4 and 5 complain of the admission over their objection of the conversation between Horton, over the telephone, with the party who told him he was C. C. Bennett, as detailed above. Such evidence, if not admissible, was material and necessary to connect C. C. Bennett with the contract,—the breach of which is the basis of this suit. The general rule applicable to such conversations over telephone is well settled. When the party called over a telephone depends entirely upon the word of the party calling as to his identity, the conversation is hearsay and not admissible. If, however, the party calling, in addition to his statement of his identity, relates facts and circumstances which, taken with other established facts, tend to reveal his identity, then the conversation is admissible. Such evidence makes a question of fact as to such identity of the person calling. National Aid Life Ass'n v. Murphy, Tex.Civ.App., 78 S.W.2d 223, syllabi 7 and 8, and Thomasson v. Davis, Tex. Civ.App., 74 S.W.2d 557, both by this Court. Horton testified on the trial that prior to the conversation here challenged he had bought some 403 drums of syrup from the B & W Candy Company of Greenville. (B & W, the record shows, meant Charles Bennett and Karl Woodward. That when he went to McKinney he advised John R. Terrill of the phone call and was told by Terrill that Bennett had talked to him. Terrill then showed Horton the syrup and thereafter the option and agreement in issue were completed. Under the state of the record no error is shown by points 4 and 5.

Points 6 to 11, inclusive, are briefed together and will be so considered. They assert in substance that, the contract being made by Terrill, before the judgment can be sustained there must be a showing (6) that Terrill owned the syrup or had authority to represent the owner; (7) and since Horton made no attempt to determine the ownership, no sufficient showing to sustain the judgment is in the record; (8) that since all important dealings were with Terrill and there is no showing that Bennett owned the syrup in question as a joint adventurer with Terrill, or that Terrill acted in the capacity of a joint adventurer in giving the option and making the contract, it was error to enter judgment against them as joint adventurers; also that there was error in admitting, over objection, the evidence of (9) Horton, Sr., and the witnesses (10) Tune and (11) Jack Horton, that Terrill told them he had authority to sell the syrup in question.

Since, in overruling points 4 and 5, we have held that the evidence of C. C. Bennett's phone call to Horton was admissible; that Bennett himself, in that prior conversation, told Horton that he had the syrup and sent Horton to Terrill to buy the syrup; also that Terrill was in charge of the business and sold the syrup to Horton for the Texas Candy & Nut Company, for which Bennett was a trustee, the court's findings in favor of appellees on these fact issues settled the question against Bennett and Terrill. The points are overruled.

Points 12 and 13 assert that the undisputed evidence showed that Terrill was merely a salaried employee of Texas Candy & Nut Company, without authority to bind the Company or C. C. Bennett in the option and sale; that there is no pleading to sustain a holding that he exceeded his authority or perpetrated a fraud. Therefore the judgment against Terrill must fall.

Points 14 to 19 assert in different ways that there was no competent evidence to support the finding by the trial court that Bennett and Terrill were engaged in a joint adventure.

As we view the record, the evidence shows that Terrill was in the place of business of Texas Candy & Nut Company, in charge thereof, and that in the giving of the option and the making of the contract, he did at times refer to what "We" and "I" will do, but such expressions, taken with all the other evidence, in our opinion do not raise a question of fact as to his dealing personally or as a partner or joint adventurer with others in giving the option and making the contract; but indicate

only what he, as agent, manager, or employee of Texas Candy & Nut Company would obligate the company to do. Under such state of the record we are of the opinion that the evidence does not amount to a scintilla and is insufficient to support the findings. Such points are sustained.

By points 20 to 24 appellants raised the question of the sufficiency of the evidence on damages; that the court applied the wrong measure of damage; that there was no proof of the difference between the contract price and the market value at the time of delivery dates. The record shows that Horton completed the contract by exercising the option on May 8, 1948, within the time limit of the option; that he resold 500 drums of the syrup to one E. R. Prone at $20 per drum. He also testified as to other sales at from $15 to $18 per drum, within reasonable times after the option was exercised; also that he could not purchase the syrup on the market to fill the orders he had sold for less than $18 per drum; and that he did make purchases at $18 per durm during said times.

This was sufficient basis for the court's findings, and therefore the points are overruled.

Points 25 and 26 assert an absence of evidence to show appellees' ability to pay for the syrup in question. The evidence does show appellants' refusal to deliver the syrup. Under such facts the showing of appellees' ability to pay for the syrup was not necessary in order for appellees to recover. These points are overruled.

It must also be noted that C. C. Bennett is a trustee of Texas Candy & Nut Company and, as such, is personally liable for the debts of the Texas Candy & Nut Company created by him as trustee. Longhart Supply Company v. Zweifel, Tex.Civ. App., 39 S.W.2d 959; 65 Corpus Juris, p. 703, Trusts, sec. 570; 42 Texas Jurisprudence, p. 724, Trusts, sec. 109; 54 American Jurisprudence, p. 272, Trusts, sec. 347.

From what has been said above and from our sustaining of assignments Nos. 12 to 19, inclusive, it follows that the judgment below against John R. Terrill

should be reversed and here rendered in his favor. Since only C. C. Bennett and John R. Terrill appealed, and their appeal was only from the judgment in favor of appellees Horton, Sr., Horton, Jr. and Plunket, Jr., the judgment in favor of appellees against Bennett should be affirmed, and the balance of the trial court's judgment not appealed from be left undisturbed.

Reversed and rendered in part; affirmed in part; and left undisturbed in part.