James SIMON, Appellant,

v.

Sandra Elaine WATSON, Appellee.

No. 18609.

Court of Civil Appeals of Texas, Dallas.

May 29, 1975.

Rehearing Denied June 26, 1975.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellant.

Jack Ayres, Jr., Kelsoe & Paternostro, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This is an appeal from an interlocutory order appointing a receiver. Two questions are presented: (1) The sufficiency of the pleadings to support the appointment of a receiver, and (2) whether the trial court abused its discretion in appointing the receiver under the circumstances presented. We hold that the pleadings are sufficient and that the trial court did not abuse its discretion. The judgment is affirmed.

Resolution of the questions presented require a chronological review of the proceedings in the trial court. On November 12, 1974, Sandra Elaine Watson brought an action against James Simon in which she sought, inter alia, a mandatory injunction requiring Simon to surrender possession of certain real property in Dallas County, Texas and also restraining and enjoining him from attempting to sell or otherwise dispose of items of property presently in his control or possession. Thereafter, notice was served upon Simon to appear and show cause why a temporary injunction should not issue, as requested by plaintiff. Simon answered and appeared for hearing on November 21, 1974. After the hearing had started, the court continued the matter until December 6, 1974, on which date Sandra Elaine Watson filed her "trial amendment" supplementing her original petition, in which she prayed, in the alternative, that the court immediately and forthwith appoint a receiver to take possession and control of the property and oust the defendant therefrom. The matter was then passed until December 13, 1974, on which date plaintiff Sandra Elaine Watson filed her first amended original petition in which she enlarged her cause of action against Simon and again prayed for a mandatory injunction removing Simon from the real property

in question and preventing him from using or disposing of two automobiles. In this pleading, no reference was made to the appointment of a receiver, and the prayer for relief therein sought only the issuance of the injunction. The matter was continued until January 10, 1975. On that date, after both sides had rested their testimony, and while the matter was being argued to the court, the trial judge indicated that he would be willing to appoint a receiver but that plaintiff would "have to redo" the pleadings. At that time, counsel for plaintiff requested permission of the court to file a trial amendment which would be the same as the first trial amendment. Counsel indicated that he had inadvertently omitted the request for a receiver from the first amended original petition. The trial court granted such request over objection of attorney for Simon. On January 14, 1975, the second trial amendment, requesting the appointment of a receiver, was filed. On January 17, 1975, the trial court entered an order denying the issuance of a temporary injunction. On that same date, during the continuation of the hearing, the trial judge announced from the bench that he would appoint a receiver but would not require the receiver to oust Simon from the premises. Counsel for Simon objected to the appointment of a receiver on that date because of lack of pleadings and also because no evidence had been presented in support of the receivership. Thereafter, on January 21, 1975, the trial court signed an order appointing Whitley R. Sessions as receiver. The order recited that the court heard and considered the entire record in the cause, including the evidence and the pleadings of plaintiff, for the appointment of a receiver. The order directed the receiver to take possession of, manage and conserve two automobiles and to permit Simon to occupy the real property in question, provided that he make all payments due on certain notes to First Federal Savings and Loan Association, pay all taxes due, maintain policies of insurance on the properties, and furnish the receiver with evidence of compliance with the above conditions.

Simon duly and timely perfected his appeal from this interlocutory order and posted supersedeas bond set by the trial court.

The main thrust of appellant's first three points of error is that the trial court erred in permitting appellee to file the second trial amendment on January 14, 1975, and that the appointment of a receiver thereafter was improper. We cannot agree. It is apparent from this record that this case involved a number of hearings which proceeded over a period of several weeks, during which time successive pleadings were filed on behalf of appellee in support of her contentions. While appellee sought only mandatory injunctive relief in her first petition, she enlarged her request for relief in the form of the appointment of a receiver by the filing of her first trial amendment. Appellant apparently lodged no objection to the filing of this pleading. After the hearings proceeded, appellee filed her first amended original petition in which she again sought injunctive relief but omitted a prayer for the appointment of a receiver. This omission was called to the attention of counsel for appellee who requested leave of the court to file the second trial amendment which appears to be almost identical to the first trial amendment. At the time the second trial amendment was filed, the attorney for appellant leveled no objection thereto as to form or substance, so that any defects were affirmatively waived. Texas Rules of Civil Procedure, rule 90. The only objection advanced by appellant was to the effect that since the trial had ended, the court was without authority to permit the filing of a trial amendment. Tex.R.Civ.P. 67 provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In that case, such amendment of the pleadings as may be necessary to cause them to

conform to the evidence and to raise these issues, may be made by leave of court on motion of any party at any time up to the submission of the case to the court or jury, but failure to so amend shall not affect the result of the trial of these issues. Tex.R. Civ.P. 90 provides that every defect, omission or fault in a pleading either of form or substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a nonjury case, before the rendition of judgment, shall be deemed to have been waived by the parties seeking reversal on such account. The rules relating to the filing of pleadings have always been liberally construed by the courts, especially where the complaining party can demonstrate no real harm to his cause resulting from the filing of the pleading. In this case, appellant has not demonstrated such harm. Appellant was made aware, by the filing of the first trial amendment, several weeks before, that a receiver had been requested. Moreover, after the court permitted the filing of the second trial amendment, appellant filed no objections to the form or substance of same, and the trial court granted additional time, to January 17, 1975, to allow appellant time to meet the issue thus presented.

■ We hold that the trial court did not abuse its discretion in permitting the filing of the second trial amendment at a time when the evidence had been closed but the case had not been completely decided. *Jim Walter Corp. v. Bass*, 356 S.W.2d 356 (Tex. Civ.App.—Texarkana 1962, no writ); *Texas Candy & Nut Co. v. Horton*, 235 S.W.2d 518 (Tex.Civ.App.—Dallas 1950, writ ref'd n. r. e.); *Cleveland v. Alpine Lumber Co.*, 75 S.W.2d 977 (Tex.Civ.App.—El Paso 1934, no writ); and *Brown v. Kelley*, 212 S.W.2d 834 (Tex.Civ.App.—Fort Worth 1948, no writ).

In its fourth and last point of error, appellant contends that the trial court abused its discretion in appointing a receiver under the circumstances and without hearing any

evidence upon receivership as distinguished from temporary injunction. As related above, a number of hearings were conducted by the court on the dates set forth. However, the only record presented to this court by appellant consists of two volumes relating to the matters that were presented on January 10 and January 17, 1975. In each of these volumes we find no transcribed testimony of witnesses. Each volume consists of arguments of counsel and colloquy between counsel and the court. From the record before us, it is evident that the trial court heard testimony of witnesses during the prior hearings held in November and December 1974. Appellant did not see fit to bring a record of this testimony to this court. At the conclusion of both the January 10 and 17 hearings, the trial court certified that such proceedings were incomplete and did not constitute the entire record in the cause. The court specifically certified:

THE ABOVE TESTIMONY, however, contained in this transcription of procedures does not contain the evidence heard by this Court which forms the basis for the granting of Receivership in this cause, and this transcription of proceedings held on the 10th of January, together with the transcription of procedures held on the 17th of January, 1975, do not constitute the entire record in this cause and further fail to embody the sworn testimony and exhibits heard by this Court during the trial of this cause and which form the basis of granting of this Receivership in conjunction with these proceedings.

■ In the light of this record, we are governed by the well-established rule of law that in absence of a statement of facts, the appellate court will presume that there was sufficient evidence to sustain the findings and judgment of the trial court. *Anchor v. Wichita County Water Improvement Dist.*, 129 Tex. 70, 103 S.W.2d 135, 112 A.L.R. 70 (1937); *Uvalde Construction Co. v. Joiner*, 132 Tex. 593, 126 S.W.2d 22

(1939); *Peacock v. Bradshaw*, 145 Tex. 68, 194 S.W.2d 551 (1946); *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943 (1958); *Ehrhardt v. Ehrhardt*, 368 S.W.2d 37 (Tex.Civ. App.—Waco 1963, writ ref'd).

We find no abuse of discretion on the part of the trial court in issuing the order appointing a receiver in this case. Appellant's fourth point is overruled.

The judgment of the trial court is affirmed.