**JOHNS–MANVILLE SALES CORPORATION,**
Appellant,

v.

**R. J. REAGAN CO., INC., Appellee.**

No. 5899.

Court of Civil Appeals of Texas, Waco.

Jan. 25, 1979.

Rehearing Denied March 1, 1979.

Rex D. Davis, Naman, Howell, Smith, Lee & Muldrow, Waco, for appellant.

David E. Cherry, Pakis, Cherry, Beard & Giotes, Inc., Waco, for appellee.

## OPINION

JAMES, Justice.

This is a breach of warranty and deceptive trade practice case. Plaintiff-Appellee R. J. Reagan Co., Inc., a roofing contractor, sued Defendant-Appellant Johns-Manville Sales Corporation for breach of express warranty, breach of implied warranties of merchantability and fitness for a particular purpose, and for violation of the Deceptive Trade Practices Consumer Protection Act, all arising out of the sale of roofing materials by Johns-Manville to Reagan, which Reagan used on a job at the Mexia State School.

This case was tried one time prior to the trial now appealed from, the first such trial having resulted in a mistrial due to the death in a juror's family. Therefore, we will deal only with such pleadings and matters as are relevant to and bearing upon the trial now appealed from.

On November 25, 1976, Defendant Johns-Manville filed its Third Amended Original Answer which set up, in addition to a general denial, the following defensive matters: (1) that any loss or damage to Plaintiff was the result of misuse or abnormal or unintended use of Defendant's product by Plaintiff; (2) that any loss or damage to Plaintiff was caused by the negligence of Plaintiff or third persons; (3) that any loss or damage was caused by an assumption of risk through the manner in which Plaintiff made use of Defendant's product; (4) that if there were any warranties applicable in this case, they have been excluded by a course of dealing, course of performance, or usage of trade; and (5) if there was any breach of warranty by Defendant, that Defendant has attempted to comply in good faith as far as reasonable under the circumstances with any warranties that it may have made to Plaintiff; in other words, Defendant set up the defense of "bona fide error" as provided for in Section 17.50A(1), as amended effective May 23, 1977, Texas Business and Commerce Code.

Plaintiff filed special exceptions to all allegations of Defendant's Third Amended Original Answer except as against the Defendant's general denial; whereupon on May 20, 1977, the trial court sustained all of said special exceptions and thereby struck all of Defendant's Third Amended Original Answer except the general denial and the "bona fide error" defense hereinabove mentioned. The trial court withheld, "until a later date," its ruling on the bona fide error defensive pleading. Moreover, the Defendant was "ordered to withdraw its pleadings to which Plaintiff has excepted or amend same to more specifically allege the matters complained of in Plaintiff's Special Exceptions."

Jury trial was scheduled for May 23, 1977, but Defendant filed a motion for continuance in view of the trial court's action on the special exceptions, which motion the trial court granted and specially reset the case for trial for August 29, 1977.

Then on August 25, 1977, four days before trial date, Defendant filed its Fourth Amended Original Answer, setting up, in addition to the general denial, the following defenses, all being alleged with more particularity than in the previous pleading, to wit:

(1) Misuse in: (a) Plaintiff's improper application of Defendant's products to the roof decking, and (b) improper storage by Plaintiff of Defendant's products prior to and during use.

(2) Plaintiff's negligence in: (a) failure to properly apply Defendant's products in a good and workmanlike manner; (b) applying the products when a reasonable person would have known the roof decking was not in proper condition; (c) failure to properly store the products; (d) failure to inspect the roof conditions prior to application of Defendant's products and (e) failure to properly construct or reconstruct the roof decking.

(3) That any loss or damage to Plaintiff was solely caused by the negligence of third persons in the failure of such third persons to (a) apply the decking in good and workmanlike manner, (b) to properly store the materials, and (c) to properly design the roofs in question.

(4) Any loss or damage to Plaintiff was caused by an assumption of the risk through the manner in which Plaintiff applied or stored Defendant's products.

(5) Lastly, Defendant alleged the "bona fide error" defense again under Section 17.-50A(1), Tex.Bus. and Commerce Code, in similar language to that set out in Defendant's Third Amended Original Answer as hereinabove pointed out.

Plaintiff objected to the filing of Defendant's Fourth Amended Original Answer, contending surprise and that since it was filed only four days before trial date, Plaintiff could not be prepared to meet the defensive matters set up in said Defendant's pleading.

On August 29, 1977, the date of trial setting, the trial court after hearing sustained Plaintiff's Motion and thereby struck all of Defendant's Fourth Answer, leaving Defendant with only a general denial. Thereupon, the Defendant filed its Second Motion for a Continuance of the case which the trial court overruled.

Trial was then had on August 29, 1977, to a jury, which found in answer to special issues as follows:

(1) Defendant Johns-Manville engaged in deceptive trade practices (as those terms were defined in the charge) in connection with the sale, service, or warranty of the roofing materials in question.

(2) One or more of such deceptive trade practices was a producing cause of adverse effect upon Plaintiff Reagan.

(3) The roofing materials were not fit for the ordinary purposes for which such roofing materials are used.

(4) Such unfitness was a proximate cause of Plaintiff Reagan's damages.

(5) Johns-Manville had reason to know that the roofing materials in question were to be used for the purpose of roofing the chapel and/or Second Building of Mexia State School.

(6) Plaintiff Reagan relied upon Defendant Johns-Manville's skill and judgment to recommend, select, or furnish suitable roofing materials for the roofing of the two buildings in question.

(7) That said roofing materials were not fit for the particular purpose of roofing the two buildings in question.

(8) Such unfitness was a proximate cause of Reagan's damages.

(9) Johns-Manville made affirmations of fact or promises to Reagan relating to the roofing materials in question.

(10) Which affirmations of fact and promises were a reason for Reagan purchasing the roofing materials from Johns-Manville.

(11) Such roofing materials sold to Reagan failed to comply with the affirmations of fact or promises made by Johns-Manville.

(12) Which failure was a proximate cause of Reagan's damages.

(13) Reagan notified Johns-Manville within a reasonable time after Reagan discovered the problems which were experienced with the roofing materials in question.

(14) Reagan's damages amounted to $5981.35.

(15) Reasonable attorney's fees for services rendered in the trial court amounted to $3000.00;

(16) attorney's fees if appealed to the Court of Civil Appeals would be an additional $400.00, and

(17) attorney's fees if appealed to the Supreme Court of Texas would be an additional $250.00.

Pursuant to and in harmony with the jury verdict, the trial court entered judgment in favor of Plaintiff Reagan against Defendant Johns-Manville for treble actual damages in the (trebled) amount of $17,-944.05, and for attorney's fees in the amount of $3,650.00, subject to appropriate remittiturs in the absence of legal services being required in the appellate courts.

From this judgment Defendant Johns-Manville appeals upon thirty-eight (38) points of error. We believe and hold that there is error in the trial of this case which requires that it be reversed and remanded

for a retrial on the merits; therefore, we will discuss only those of Appellant's points of error that we feel are necessary to show our reasons for such reversal and those that may be of some benefit in a retrial of the case.

As stated above, after the trial court sustained special exceptions to Defendant's Third Amended Original Answer, and had refused Defendant's filing of its Fourth Amended Original Answer, the Defendant went to trial with no pleadings except its general denial.

Before the evidence commenced, the trial court announced that the Defendant nevertheless would be permitted to present evidence bearing upon the matters pleaded in Defendant's stricken pleadings. During the trial, Defendant offered at least some evidence of probative value bearing upon all of the matters alleged in the stricken pleadings contained in Defendant's Fourth Amended Original Answer, all without objection from the Plaintiff. At or near the conclusion of the evidence, Defendant tendered for filing a Trial Amendment which essentially pleaded the same matters which had been set up in Defendant's Fourth Amended Original Answer, to which filing Plaintiff objected; whereupon the trial court sustained Plaintiff's objection and refused to permit the Defendant to file said Trial Amendment.

Then prior to the submission of the court's charge to the jury, the Defendant requested in writing special issues, instructions, and definitions bearing upon the matters alleged in the stricken pleadings, which requested special issues, instructions, and definitions the trial court refused to submit to the jury.

■ Appellant in effect first asserts that the trial court abused its discretion in striking Defendant-Appellant's Fourth Amended Original Answer, and in overruling Defendant's Second Motion for Continuance, and thereby putting Appellant to trial with only a general denial. We overrule these contentions. The trial court sustained the special exceptions to Defendant-Appellant's Third Amended Original Answer on May 20, 1977, gave the Appellant an opportunity to amend its pleadings, and reset the trial of the case to August 29, 1977, more than three months thence. Defendant-Appellant therefore had more than ample time in which to amend its pleadings, but did not do so until August 25, 1977, only four days before the date the case had been theretofore specially set for trial. Here the trial court was justified in believing Plaintiff's contention that he was surprised by Defendant's new pleadings belatedly and unexplainedly filed, and therefore we cannot say the trial court abused its discretion in refusing to permit Defendant to file these new pleadings, and in overruling Defendant's Second Motion for continuance. See Rule 63, Texas Rules of Civil Procedure; *McHone v. McHone* (Tex.Civ.App., Waco 1969) 449 S.W.2d 488, writ dismissed; *Plata v. Guzman* (Tex.Civ.App., Corpus Christi 1978) 571 S.W.2d 408, no writ.

■ As stated hereinabove, Defendant-Appellant was permitted to introduce evidence bearing upon the defensive matters pleaded by Defendant in its Fourth Amended Original Answer, all without objection from Plaintiff-Appellee. At the conclusion of the evidence, Defendant tendered for filing a Trial Amendment embodying substantially the same defensive matters alleged in its stricken Fourth Amended Original Answer, the filing of which Trial Amendment was refused by the trial court.

Appellant asserts error because of the trial court's refusal to permit the filing of such Trial Amendment. We sustain this contention. Rule 67, Texas Rules of Civil Procedure.

Moreover, Defendant-Appellant complains of the trial court's refusal to submit to the jury seven of the eleven requested special issues proposed and submitted in writing to the trial court. All seven of such requested special issues dealt with matters encompassed in Defendant's Trial Amendment, and there is some probative evidence in the record to warrant the submission of such issues. Said requested special issues so refused by the trial court to be submitted to

the jury, may be summarized and paraphrased as follows:

(1) Did Plaintiff, its agents and employees improperly store Defendant's products during their use in question?

(2) Was such improper storage a misuse of Defendant's products? (Conditioned upon an affirmative answer to No. 1 above).

(3) Was such misuse a proximate cause of the occurrence in question? (Also conditionally submitted).

(7) Did Plaintiff, its agents or employees fail to inspect the condition of the roofs of the buildings in question prior to the application of Defendant's products?

(8) Was such failure negligence? (Conditioned upon an affirmative answer to No. 7 above).

(9) Was such negligence a proximate cause of the occurrence in question? (Also conditionally submitted).

(11) What percentage of the defect or misuse that caused the occurrence in question do you find to be attributable to each of the parties found by you to have sold defective products or misused those products?

R. J. Reagan Co. _____%.

Johns-Manville _____%.

This issue was conditionally submitted upon the jury's finding that the acts or omissions of more than one person was a producing or proximate cause of the occurrence in question).

In view of the fact that there is evidence of probative value in the record to raise the above seven requested special issues, and that answers by the jury to such issues would have a bearing upon and relevancy to the defenses sought to be pleaded by Defendant-Appellant in its trial amendment, we are of the opinion and hold that the trial court erred in refusing to permit Defendant to file its trial amendment and in refusing to submit to the jury the seven requested special issues hereinabove summarized. See *Signal Oil and Gas Co. v. Universal Oil Products* (Tex.1978) 572 S.W.2d 320; *Nobility Homes of Texas v. Shivers* (Tex.1977) 557 S.W.2d 77; *General Motors Corp. v. Hopkins* (Tex.1977) 548 S.W.2d 344.

We express no opinion concerning the requested instructions and definitions tendered by Defendant-Appellant to the trial court for submission to the jury, because the propriety vel non of such instructions and definitions will depend upon how the evidence unfolds in a retrial of the case.

■ Finally, Defendant-Appellant pleaded in its Fourth Amended Original Answer, and in its tendered Trial Amendment, the defense of "bona fide error." Additionally, Defendant requested the submission of a special issue, in effect asking the jury if they find that "such conduct, if any, was the result of a bona fide error on the part of the Defendant Johns-Manville." This was accompanied by a requested definition of "bona fide error."

Appellant now complains of the trial court's refusal to submit such requested special issue and definition of "bona fide error." We overrule this contention.

Section 17.50A(1), Texas Business and Commerce Code, as amended effective May 23, 1977, provides that the defendant in a suit by an individual plaintiff under Section 17.50 of the Texas Deceptive Trades Practices Act is entitled to assert the defense of bona fide error. Section 17.50(a)(2) provides for a consumer's cause of action under breach of express or implied warranty. Prior to May 23, 1977, the defense of bona fide error did not exist in such suits by an individual plaintiff, but such defense of bona fide error existed only in class action suits. See Sections 17.51 "Class Actions", now repealed effective May 23, 1977, and 17.54, "Damages: Defense", now repealed effective May 23, 1977. See *Crawford Chevrolet, Inc. v. McLarty* (Tex.Civ.App., Amarillo 1975) 519 S.W.2d 656, no writ.

In the case at bar, the transactions which are the subject matter of this litigation took place in 1974 and 1975, long before the "bona fide error" defense came into being on May 23, 1977. Since the Plaintiff-Appellee's cause of action arose prior to the advent of the "bona fide error" defense, the Defendant-Appellant is not entitled to as-

sert such defense in the case at bar. To permit Defendant-Appellant to assert such defense would be giving retroactive application to Section 17.50A(1), which would violate Article I, Section 16, of the Texas Constitution. See *Merchants Fast Motor Lines, Inc. v. Railroad Commission of Texas* (Tex. 1978) 573 S.W.2d 502 and the cases cited therein on pages 504 and 505; *American Surety Co. of New York v. Axtell Co.* (Com. App.1931) 120 Tex. 166, 36 S.W.2d 715, 720, opinion approved; *International Security Life Ins. Co. v. Maas* (Tex.Civ.App., Houston 1st 1970) 458 S.W.2d 484, 490, NRE; *Cooper v. Texas Board of Medical Examiners* (Tex.Civ.App., El Paso 1972) 489 S.W.2d 129, 131, NRE.

But Appellant argues that Section 17.-50A(1) is procedural or remedial in nature, and that since the case was tried after May 23, 1977, the constitutional prohibition against retroactivity does not apply. In other words, Appellant says his right to assert the bona fide error defense came into being immediately upon the effective date of the statute, to wit, May 23, 1977. We do not agree.

We hold that the defense of "bona fide error" provided in said statute affects vested rights and substantive law insofar as Appellant and Appellee are concerned, and since the Plaintiff's cause of action accrued prior to the creation of the statutory defense, that such defense of "bona fide error" is not available to Defendant-Appellant in this case.

For the reasons hereinabove stated, we reverse and remand the cause for retrial on the merits.

REVERSED AND REMANDED.